UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. ANTHONY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                 /

Case No. 13-cv-11083

HONORABLE STEPHEN J. MURPHY, III

**ORDER
ADOPTING REPORT AND RECOMMENDATION
(docket no. 18), DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (docket no. 16), GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (docket no. 15), AND REMANDING CASE**

    The Social Security Administration ("SSA") denied Plaintiff and claimant Kenneth L. Anthony's application for supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Greg Holsclaw on October 28, 2011. *See* Administrative Record ("A.R.") at 21-32, ECF No. 8-2. After the SSA Appeals Council declined to review the decision, Anthony appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 15, 16.

    On November 15, 2013, the magistrate judge issued a Report and Recommendation ("Report"), suggesting the Court deny the Commissioner of Social Security's ("Commisioner") motion, grant Anthony's motion, and remand the case back to the ALJ for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). In the Report, the magistrate judge addressed only the ALJ's assessment of his back condition, which was the sole challenge Anthony brought to the ALJ, although his claims of disability based on chronic obstructive pulmonary disease/emphysema ("COPD"), depression, bipolar disorder,

and anxiety were also denied. Report 5, ECF No. 18. The magistrate judge considered Anthony's only argument, which was that the ALJ erred in giving little weight to the opinion of treating neurosurgeon Dr. Mark Adams, and that, as a result, the ALJ's residual functional capacity finding was not supported by substantial evidence. *Id.* at 13.

The magistrate judge found that Anthony's argument was meritorious, concluding that a review of the record revealed the reasons the ALJ articulated for affording the opinion little weight were not supported by substantial evidence. *Id* at 13-19. The magistrate judge determined that the ALJ's conclusion that Dr. Adam's opinion was inconsistent with his own examination findings to be erroneous, explaining that Dr. Adam's objective findings of muscle weakness and absent reflexes as well as his recommendation of spinal surgery were consistent with his opinion that Anthony had significant exertional and nonexertional limitations. *Id.* at 15. The magistrate judge also concluded that the opinion was not inconsistent with Anthony's reports to Dr. Adams that he performed recreational activities, including camping and going to the beach, because a fair reading of Dr. Adam's notes showed that Anthony complained that he could not enjoy these activities as a result of pain. *Id.* at 15-16. In addition, the magistrate judge rejected the Commissioner's attempt to point to other evidence in the record, not cited by the ALJ, to support his decision to afford Dr. Adam's opinion little weight as inappropriate post hoc rationalization. *Id.* at 16-19.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's

2

findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, deny the Commissioner's motion for summary judgment, grant Anthony's motion for summary judgment, and remand the case back to the ALJ for further proceedings consistent with the Report.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Anthony's Motion for Summary Judgment (document no. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the ALJ for further proceedings consistent with the Report.

**SO ORDERED**.

                                                s/Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: December 4, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 4, 2013, by electronic and/or ordinary mail.

                                                s/Carol Cohron
                                                Case Manager